■ JANE McELDUFF, Respondent, v CYRIL MANSPERGER, Appellant. [625 NYS2d 594] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated April 9, 1993, which granted the plaintiff wife's motion for partial summary judgment and struck that branch of the

husband's counterclaim which was for equitable distribution of the parties' dental practice.

Ordered that the order is affirmed, with costs.

Approximately one year prior to their marriage, the parties, both dentists, opened a dental practice together in Beacon, New York. It is undisputed that they continued the practice in the form of a joint venture or partnership at will, although the defendant husband was listed as an employee of the plaintiff wife for the apparent purpose of minimizing his income during the divorce proceedings with his previous wife. In June 1988, after an extended period of marital strife, the defendant vacated the marital residence, ceased practicing dentistry with the plaintiff at the Beacon office, and began working for another dental practice in the neighboring community of Cold Spring. Thereafter, in a letter to their patients dated September 6, 1988, the parties stated that as of September 15, 1988, they would no longer practice dentistry together, the plaintiff would remain at the Beacon location, and the defendant had relocated to a new practice in Cold Spring. It is further undisputed that after the defendant relocated to the dental practice in Cold Spring, certain patients followed him to the new practice. With the plaintiff's knowledge and consent, the defendant hired two employees from the Beacon practice to work for him at the Cold Spring practice. He also took patient charts and various items of office equipment from the Beacon practice. The defendant eventually purchased the Cold Spring dental practice.

The plaintiff commenced this action for a divorce in December 1988 and the defendant counterclaimed, *inter alia,* for the equitable distribution of the parties' dental practice in Beacon. Relying upon the foregoing facts, the plaintiff subsequently moved for partial summary judgment declaring that the parties' joint dental practice had been dissolved as of September 15, 1988, and to dismiss so much of the defendant's answer and counterclaim as sought equitable distribution of the practice. The defendant opposed the motion, contending that the practice was still in existence at the time the matrimonial action was commenced in December 1988 and therefore was subject to equitable distribution. He further maintained that he never intended to waive his economic rights in the practice. After entertaining oral argument on the motion, the Supreme Court determined that the parties had voluntarily dissolved their joint dental practice prior to the commencement of the divorce action and therefore the parties had

waived any right to equitable distribution of the practice. The court subsequently issued an order granting the plaintiff's motion for partial summary judgment and striking that portion of the defendant's counterclaim which sought equitable distribution of the practice. The defendant appeals, and we affirm.

There are no disputed issues of material fact in this case which would preclude partial summary judgment. Indeed, in his appellate brief, the defendant expressly adopts the Supreme Court's factual findings, *inter alia,* that the dental practice was a joint venture or partnership at will and was dissolved on September 15, 1988, when the parties manifested their intent to dissolve it and embarked upon their own separate dental practices. These findings are entirely accurate, since it is well settled that "[a] partnership at will * * * may be dissolved at any time by the express will of any partner" *(Carola v Grogan,* 102 AD2d 934, 935; *see, Zari v Zari,* 155 AD2d 452; Partnership Law § 62), and it is equally clear that a partnership dissolves at the time that a partner leaves or withdraws from it *(see, Matter of Vann v Kreindler, Relkin & Goldberg,* 78 AD2d 255, *affd* 54 NY2d 936; *C. E. Hooper, Inc. v Perlberg, Monness, Williams & Sidel,* 72 AD2d 687; Partnership Law § 60). Accordingly, there can be no doubt that the partnership in this case dissolved as of September 15, 1988.

Notwithstanding the foregoing, the defendant contends that the partnership practice remained a viable business entity at the time the divorce action was commenced and thus was subject to equitable distribution. Initially, the defendant assumes that the practice constituted marital property rather than separate property, a conclusion which the record appears to emphatically contradict. Nevertheless, assuming arguendo that the practice or some portion of it did constitute marital property, the defendant's contention is unavailing. While it is true that dissolution does not immediately terminate a partnership and that the partnership continues until the winding up of partnership affairs is completed *(see,* Partnership Law § 61), it does not follow that the defendant may retract his election to dissolve the partnership in order to avail himself of equitable distribution. Rather, in withdrawing from the partnership practice and commencing the winding-up process by dividing some of the partnership property and assets, the parties unequivocally elected to dispose of their joint dental practice in accordance with the established principles governing joint ventures and partnerships. Hence, the parties' election to proceed in this manner necessarily precludes the

equitable distribution of the same dental practice in the context of the subsequent matrimonial action. Contrary to the defendant's present assertions, there is neither a waiver nor a forfeiture of his economic interest in the dental practice as a consequence of these facts. Rather, his financial interests therein are to be determined pursuant to the rules governing actual partnerships, not by the principles of equitable distribution which are premised upon a presumed economic partnership between the spouses.

The defendant's contention that the parties' separate dental practices are also subject to equitable distribution is improperly raised for the first time on appeal (see, Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757). Moreover, we have considered the defendant's remaining contentions and find them to be without merit. Accordingly, the Supreme Court properly granted partial summary judgment in favor of the plaintiff and struck the branch of the defendant's counterclaim which was for equitable distribution of the parties' dental practice. The defendant is relegated to the principles of partnership law in pursuing his claims regarding the joint practice, and those claims have no place in the instant matrimonial action. Mangano, P. J., Sullivan and Miller, JJ., concur.

Ritter, J., votes to reverse the order appealed from and to deny the plaintiff's motion for partial summary judgment in the following memorandum with which Rosenblatt, J., concurs: Because I believe that questions of fact are present which prevent summary judgment, I respectfully dissent.

In opposition to the wife's motion for summary judgment, the husband submitted an affidavit wherein he expressly averred that he did not intend to dispose of the Beacon dental practice by the arrangements he entered into with his wife before the divorce action was commenced. Rather, he asserted, the arrangements made were merely to prevent their eroding personal and professional relationship from "blow[ing] up" during office hours and alienating their patients. Indeed, these assertions are supported by various facts in the record, including the relatively low value of the equipment the husband removed from the practice and the lack of any agreements or understandings concerning the disposition of the significant remaining assets. Accordingly, I would hold that there are questions of fact precluding summary judgment concerning, inter alia, whether the parties had reached an agreement on how to divide their respective interests in the Beacon dental

practice and whether the husband intended to waive his right to an equitable distribution thereof.