■ In the Matter of Fox MEADOW PARTNERS, LTD., et al., Respondents-Appellants, v BOARD OF ASSESSMENT REVIEW, TOWN OF LAGRANGE, Appellant-Respondent, et al., Respondent. [710 NYS2d 610] —In a proceeding pursuant to article 7 of the Real Property Tax Law, the Board of Assessment Review, Town of LaGrange, appeals from so much of an order of the Supreme Court, Dutchess County (Palella, J.), dated December 21, 1998, as denied those branches of its cross motion which were to dismiss tax certiorari petitions filed in 1995, 1996, and 1997 by, among others, Fox Meadow Partners, Ltd. and granted the motion of Fox Meadow Partners, Ltd. to substitute MSKCT Trust as a petitioner, and the petitioners cross-appeal from so much of the same order as granted that branch of the motion of the Board of Assessment Review, Town of LaGrange, which was to dismiss tax certiorari petitions filed in 1994 by, among others, Fox Meadow Partners, Ltd.

Ordered that the order is modified by deleting the provision thereof granting that branch of the cross motion of the Board of Assessment Review, Town of LaGrange, which was to dismiss the tax certiorari proceedings commenced in 1994 and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the petitioners payable by the Board of Assessment Review, Town of La-Grange.

The Supreme Court erred in dismissing the petitions filed by, among others, Fox Meadow Partners, Ltd., in 1994. RPTL 718 (1) provides, in relevant part, that "unless a note of issue is filed and the proceeding is placed on the court calendar within four years from the date of the service of petition or petition and notice, the proceeding thereon shall be deemed to have been abandoned * * * *except where the parties otherwise stipulate*" (emphasis added). Here, while no notes of issue were filed in connection with the 1994 proceedings, the Board of Assessment Review, Town of LaGrange (hereinafter the Board) entered into a stipulation, dated March 30, 1995, which specifically provided that the joint trial of the 1994 proceedings, scheduled for May 8, 1995, be adjourned sine die. Accordingly, the 1994 proceedings were not abandoned pursuant to RPTL 718 (cf., *Matter of Pherbo Realty Corp. v Board of Assessors,* 104 AD2d 1037, 1038).

Moreover, contrary to the Board's contention, Fox Meadow Partners, Ltd., had the capacity to commence the 1994, 1995,

1996, and 1997 tax certiorari proceedings as part of its obligation to wind up its business affairs (*see,* Business Corporation Law § 1005 [a], [b]; Partnership Law § 60 *et seq.*).

The Arlington Central School District submitted a brief purporting to appeal from the order dated December 21, 1998. Since it did not file a notice of appeal, its contentions have not been considered.

The parties' remaining contentions are without merit. Joy, J. P., Florio, H. Miller and Smith, JJ., concur.