■ JEANETTE BRISCOE, Appellant, v PATRICIA WHITE, Respondent. [826 NYS2d 109]—

In an action, inter alia, to recover damages for waste and mismanagement, an accounting, and partition of partnership real property, the plaintiff appeals from so much of a judgment of the Supreme Court, Dutchess County (Brands, J.), dated June 14, 2005, as, after a nonjury trial, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial

court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

The trial court properly determined that the plaintiff did not meet her burden of showing that she was entitled to any relief. Both the plaintiff and the defendant testified at trial that the partnership was the result of an oral agreement between the parties. This created a partnership at will (*see Prince v O'Brien*, 234 AD2d 12 [1996]), which either partner could dissolve at any time by expressing an intent that the partnership was not to continue (*see McElduff v Mansperger*, 214 AD2d 653, 655 [1995]; *McQuillan v Kenyon & Kenyon*, 220 AD2d 395, 396 [1995]; Partnership Law § 60). Even though the plaintiff testified that she never told the defendant that she wanted to end the partnership, the court properly credited the defendant's testimony that the plaintiff had advised her that she was unwilling to continue in the partnership after her son died. Thus, the trial court properly found that the partnership was dissolved.

Moreover, the plaintiff never established that she suffered any loss as a result of the defendant's management of the property. While it is undisputed that the defendant stopped filing partnership tax returns in 1997 and began deducting the property's losses on her personal tax return, both the plaintiff and the defendant testified that, except for one year, the property did not make a profit until it was sold. Although the plaintiff testified that she contributed money toward the property, including the mortgage payments, she could not remember if she contributed money after 1996. The defendant testified that the plaintiff did not contribute any money toward the property's expenses after 1996 and that the defendant paid for the property's expenses, made the mortgage and tax payments, and repaid the appliance loan. The plaintiff did not present evidence of any expenditures that she made toward the property which would allow her to claim tax deductions. Thus, the plaintiff failed to present any evidence that she was injured by the defendant's deduction of the property's losses on her personal tax return.

The plaintiff similarly failed to show that the property, which sold for a profit of $6000, was devalued through the defendant's mismanagement. The plaintiff's only evidence of the property's potential value in 2001 was her own opinion testimony that a well-maintained property would have sold for $140,000. In the absence of any expert testimony as to valuation, the trial court correctly concluded that the plaintiff did not meet her burden of

proving that she was entitled to damages for the property's alleged devaluation.

To the extent that the plaintiff is challenging the denial of her motion for summary judgment, we are unable to review that challenge, as the record on appeal omitted the papers submitted on the motion for summary judgment before the Supreme Court and the evidence submitted in support of that motion. The plaintiff "failed to submit a record that would enable this Court to render an informed decision on the merits" of her motion for summary judgment (*Gaffney v Gaffney*, 29 AD3d 857 [2006]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.