■ LUNA LIGHTING, INC., Appellant, v JUST INDUSTRIES, INC., Respondent, et al., Defendants. [847 NYS2d 126]—

In a consolidated action to foreclose three mortgages, the plaintiff appeals, as limited by its brief, from so much of an or-

der of the Supreme Court, Kings County (Martin, J.), dated August 8, 2006, as granted that branch of the motion of the defendant Just Industries, Inc., which was, in effect, to compel it to calculate and provide a redemption price to that defendant and denied its cross motion, in effect, for summary judgment declaring that the defendant Just Industries, Inc., is estopped from asserting the right, inter alia, to redeem the subject real property and to recover surplus money.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Just Industries, Inc. (hereinafter JI), is the record owner of two parcels of real property in Brooklyn. On April 2, 1997, JI and the nonparty Broadway Studios, Inc. (hereinafter Studios), entered into a contract for the sale of the two parcels to Studios. The contract of sale gave Studios the right to immediate possession of the real property.

The parcels, however, were encumbered by three mortgages which were in default, and by August 18, 1997, each mortgagee had commenced a foreclosure action and obtained a judgment of foreclosure against JI. The plaintiff Luna Lighting, Inc. (hereinafter Luna), which is owned by the same principal as Studios, acquired the interests of the mortgagees by assignment. Nonetheless, Luna has never proceeded to a foreclosure sale of the parcels.

Just before title was to close on the sale of the parcels from JI to Studios in September 1997, it was discovered that there was another judgment lien against JI, and the deed was never delivered to Studios. Studios, however, has remained in possession of the property and has been maintaining the property and paying the real property taxes since 1997. In 1999, JI was dissolved by proclamation of the Secretary of State for nonpayment of its franchise taxes.

In 2005, JI, seeking to redeem the parcels out of foreclosure, requested that Luna deliver "payoff letters" for the three mortgages. When Luna refused, JI made three motions, one in each of the foreclosure actions, in effect, to compel Luna to calculate the redemption price for the judgments of foreclosure and provide it with that information in the form of a "payoff statement." Luna cross-moved, in effect, for summary judgment declaring that JI is "estopped from exercising any and all rights, including rights to redeem, rights to surplus monies or otherwise, in any action to foreclose the mortgages held by" Luna. In support of its cross motion, Luna's principal alleged that, shortly after title failed to close in 1997, the parties entered into an unsubscribed agreement pursuant to which JI allegedly

agreed not to assert any rights in the foreclosure actions, and to essentially transfer the property to Studios without a deed. After the three foreclosure actions were consolidated, the Supreme Court, treating JI's motions as a single motion, granted that motion, and denied Luna's cross motion. We affirm.

" 'A mortgagor or other owner of the equity of redemption of a property subject to a judgment of foreclosure and sale may redeem the mortgage at any time prior to the foreclosure sale' " (*Kolkunova v Guaranteed Home Mtge. Co., Inc.*, 43 AD3d 878, 878 [2007], quoting *Norwest Mtge., Inc. v Brown*, 35 AD3d 682, 683 [2006]).

Contrary to Luna's contention, although JI is a dissolved corporation, JI is not, by exercising its right to redeem the mortgages, engaging in "new business" prohibited by Business Corporation Law § 1005 (a) (1). Rather, JI is pursuing a "remedy available to it in respect to the reacquisition of property it owned prior to its dissolution" (*Matter of 172 E. 122 St. Tenants Assn. v Schwarz*, 73 NY2d 340, 349 [1989]). Thus, JI is entitled to redeem the subject real property, and is entitled to a calculation of the redemption price.

Also contrary to Luna's contention, the doctrine of part performance does not take the alleged unsubscribed agreement, pursuant to which JI purportedly waived its right of redemption, out of the statute of frauds (*see* General Obligations Law § 5-703 [1]), as Luna's and Studios' alleged actions were not "unequivocally referable" to the alleged agreement (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229 [1999]; *see Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]; *Burns v McCormick*, 233 NY 230, 232 [1922]). Thus, JI's purported oral waiver of the right of redemption is not enforceable.

Luna's remaining contention is without merit. Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.