In the Matter of PLARO ESTATES, INC., Appellant, v ASSESSOR et al., Respondents. [955 NYS2d 381]—

The petitioner filed petitions for review of tax assessments for, inter alia, the 2005, 2006, 2009, and 2010 tax years. The petitioner filed a note of issue as to the 2005 petition within four years of the commencement of the 2005 proceeding, but failed to serve a statement of income and expenses for the 2005 tax year. It also filed an untimely note of issue as to the 2006

proceeding. In addition, the 2009 and 2010 petitions listed the incorrect tax map identification numbers. The respondents moved, inter alia, to vacate the notes of issue and to dismiss each of those petitions, asserting, inter alia, that the defect as to the tax map identification number was jurisdictional and could not be corrected. The Supreme Court agreed and, by order dated April 15, 2011, inter alia, granted those branches of the respondents' motion which were to vacate the notes of issue and to dismiss the petitions for review of the 2005 and 2006 tax assessments and to dismiss the petitions for review of the 2009 and 2010 tax assessments, and denied that branch of the petitioner's cross motion which was for leave to correct the tax map identification numbers in the petitions for review of the 2009 and 2010 tax assessments. The petitioner appeals from those portions of the order.

It is undisputed that, as to the 2005 petition, the petitioner failed to comply with the mandatory language of 22 NYCRR 202.59 (b) and (d) (1) by failing to timely serve the respondents with the income and expense statements before filing the note of issue (*see Matter of Eastgate Corporate Park, LLC v Assessor, Bd. of Assessment Review of Town of Goshen*, 54 AD3d 1036, 1036-1037 [2008]). In addition, the petitioner did not make an attempt to correct the defect within the strictly enforced four-year period set forth in RPTL 718 (2) (d) (*see id.*; *see generally Matter of Sullivan LaFarge v Town of Mamakating*, 94 NY2d 802 [1999]; *Matter of Waldbaum's #122 v Board of Assessors of City of Mount Vernon*, 58 NY2d 818 [1983]). Moreover, while we have recognized that failure to serve income and expense statements may not be a fatal defect where the property is not income producing (*see Matter of Al Turi Landfill, Inc. v Town of Goshen*, 93 AD3d 786, 789-790 [2012]), the petitioner did not prove that its property was not income producing. Thus, the Supreme Court correctly granted that branch of the respondents' motion which was to vacate the note of issue and to dismiss the petition for review of the 2005 tax assessment.

With respect to the 2006 petition, the petitioner acknowledges that the note of issue was untimely filed, but claims that the delay should have been excused because its counsel was suffering from a disabling illness that kept him from filing the note of issue in a timely fashion. The Supreme Court correctly determined that, because the petitioner failed to make a showing of good cause for the failure to file the note of issue within the mandatory four-year period set forth in RPTL 718 (2) (d), the note of issue should be vacated and the proceeding dismissed (*see Matter of Sullivan LaFarge v Town of Mamakating*, 94

NY2d at 803-804). We disagree with the petitioner's contention that the 2006 proceeding was automatically stayed by operation of CPLR 321 (c) (*see Moray v Koven & Krause, Esqs.*, 15 NY3d 384, 389 [2010]). The claimed disability of the petitioner's counsel is unsupported by any medical proof and, in the absence of the requisite proof of the disability, we find that CPLR 321 (c) is not applicable to this case (*see Winney v County of Saratoga*, 252 AD2d 882, 883 [1998]). Thus, the Supreme Court correctly granted that branch of the respondents' motion which was to vacate the note of issue and to dismiss the petition for review of the 2006 tax assessment.

However, the Supreme Court erred in granting that branch of the respondents' motion which was to dismiss the petitions for review of the 2009 and 2010 tax assessments and in denying that branch of the petitioner's cross motion which was to correct the tax map identification numbers in the 2009 and 2010 petitions for review. A petition to review a tax assessment may be amended if the change corrects a defect in form rather than adding a matter of substance because "the taxpayer's right to review should not be defeated by technicalities" (*Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122, 127 [1985]). In addition, the Tax Law relating to a petition to review a tax assessment is " 'remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality' " (*Matter of Great E. Mall v Condon*, 36 NY2d 544, 548 [1975], quoting *People ex rel. New York City Omnibus Corp. v Miller*, 282 NY 5, 9 [1939]). In reviewing the pleading requirements in these proceedings, the Court of Appeals has outlined a two-pronged inquiry: (1) whether the respondent received adequate notice of the commencement of the proceedings, and (2) whether any substantial right of the entity would be prejudiced by disregarding the defect or irregularity (*see Matter of Great E. Mall v Condon*, 36 NY2d at 548). The burden of proving prejudice is upon the respondent (*see id.* at 549).

Here, the error was technical and not jurisdictional. The respondents received adequate notice of the commencement of the proceedings and failed to prove that a substantial right would be prejudiced by disregarding the defect (*see id.* at 548-549; *Matter of Astoria Fed. Sav. & Loan Assn. v Board of Assessors*, 212 AD2d 600, 601 [1995]). Accordingly, the Supreme Court should have denied that branch of the respondents' motion which was to dismiss the petitions for review of the 2009 and 2010 tax assessments, and should have granted that branch of the petitioner's cross motion which was to correct the tax

map identification numbers in the 2009 and 2010 petitions for review. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.