■ In the Matter of TRADITIONAL LINKS, LLC, Respondent, v BOARD OF ASSESSORS OF TOWN OF RIVERHEAD, Appellant. [10 NYS3d 273]—

In four related proceedings pursuant to RPTL article 7 to review real property tax assessments for the tax years 2004/2005, 2005/2006, 2006/2007, and 2007/2008, respectively, the appeal is from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated May 2, 2013, as denied the motion of the Board of Assessors of the Town of Riverhead to dismiss the proceedings as abandoned pursuant to RPTL 718.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the Board of Assessors of the Town of Riverhead which were to dismiss the proceedings relating to tax years 2004/2005 and 2007/2008 as abandoned pursuant to RPTL 718, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Traditional Links, LLC (hereinafter the petitioner), is the owner of real property in the Town of Riverhead, consisting of approximately 350 acres, and which is partially improved with a private golf club known as the Friars Head Golf Club. The petitioner commenced, inter alia, four separate proceedings against the Board of Assessors of Town of Riverhead (hereinafter the Board) challenging the tax assessments against the property for tax years 2004/2005, 2005/2006, 2006/2007, and 2007/2008, respectively.

In September 2008, the petitioner filed notes of issue for the proceedings relating to tax years 2005/2006 and 2006/2007. In December 2008, the Board requested to audit the petitioner's books and records for the tax years at issue in the various proceedings (*see* 22 NYCRR 202.59 [c]), although it noted that it considered the 2004/2005 proceeding to be abandoned pursuant to RPTL 718 because the petitioner had not filed a note of issue within four years after the commencement of that proceeding. In July 2012, the petitioner served and filed notes of issue for the proceedings relating to tax years 2004/2005 and 2007/2008. The Board thereafter moved to dismiss the four proceedings as abandoned pursuant to RPTL 718 because, among other things, the petitioner had failed to file notes of issue within four years after the commencement of those proceedings (*see* RPTL 718 [2] [d]). The petitioner opposed, asserting that it had filed timely notes of issue for the 2005/2006 and 2006/2007 proceedings and, in any event, that none of the proceedings was abandoned within the meaning of RPTL 718 because discovery and the Board's audit were ongoing and, over the years, the parties had appeared in dozens of court conferences. Moreover, although the Board had failed to complete its audit within 120 days (*see* 22 NYCRR 202.59 [c]), the petitioner continued to cooperate with the Board's audit requests. The Supreme Court denied the motion, and sua sponte extended the Board's deadline to complete its audit. The Board appeals. We modify.

RPTL 718 (2) (d) provides that a petitioner must file a note of issue within four years after the date the proceeding is commenced. Should a petitioner fail to do so, "the proceeding shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice and such order shall constitute a final adjudication of all issues raised in the proceeding, except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period" (RPTL 718 [2] [d]).

Where a petitioner has not filed a timely note of issue or obtained a stipulation or court order extending that four-year deadline, the plain language of RPTL 718 requires dismissal, a rule which "is mandatory and applies 'irrespective of any and all circumstances' " (*Matter of Sullivan LaFarge v Town of Mamakating*, 94 NY2d 802, 804 [1999], quoting *Matter of Waldbaum's #122 v Board of Assessors of City of Mount Vernon*, 58 NY2d 818, 820 [1983]; *see Matter of Plaro Estates, Inc. v Assessor*, 101 AD3d 886, 887 [2012]).

The notes of issue that the petitioner filed in September

2008 for the proceedings relating to tax years 2005/2006 and 2006/2007 were timely, as they were filed within four years of the commencement of each of those two proceedings. Contrary to the Board's contention, the record indicates that no discovery was outstanding with regard to these two proceedings when the petitioner filed these notes of issue (see 22 NYCRR 202.59 [d] [1]). Accordingly, we affirm the Supreme Court's denial of those branches of the Board's motion which were to dismiss the proceedings relating to tax years 2005/2006 and 2006/2007 as abandoned pursuant to RPTL 718.

However, the notes of issue the petitioner filed in July 2012 for the proceedings relating to tax years 2004/2005 and 2007/2008 were untimely, as they were filed more than four years after the commencement of each of those two proceedings. In the absence of a timely note of issue, or a stipulation or court order extending the petitioner's deadline to file a note of issue, the proceedings relating to tax years 2004/2005 and 2007/2008 were required to be dismissed as abandoned (see RPTL 718 [2] [d]; Matter of Sullivan LaFarge v Town of Mamakating, 94 NY2d at 803-804; Matter of Waldbaum's #122 v Board of Assessors of City of Mount Vernon, 58 NY2d at 819-820; Matter of Plaro Estates, Inc. v Assessor, 101 AD3d at 887). Accordingly, the Supreme Court should have granted those branches of the Board's motion which were to dismiss the proceedings relating to tax years 2004/2005 and 2007/2008 as abandoned pursuant to RPTL 718.

The petitioner's remaining contentions are without merit. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.