Matter of Pierson House, Inc. v Town of Southampton (2021 NY Slip Op 08187)





Matter of Pierson House, Inc. v Town of Southampton


2021 NY Slip Op 08187


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-09501
 (Index Nos. 27593/10, 24624/11)

[*1]In the Matter of Pierson House, Inc., appellant,
v
Town of Southampton, et al., respondents.


Law Offices of Stanley E. Orzechowski, P.C., East Northport, NY, for appellant.
James M. Burke, Town Attorney, Southampton, NY, for respondents.



DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review real property tax assessments for tax years 2009/2010 and 2010/2011 and pursuant to CPLR article 78 to review a determination of a hearing officer dated June 23, 2010, denying the petitioner's application for small claims assessment review pursuant to Real Property Tax Law § 730, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (John J. Leo, J.), dated April 12, 2018. The order and judgment denied the petitioner's motion, inter alia, to amend the petition to include tax years from 2012 to 2017, granted the cross motion of the Town of Southampton, Town of Southampton Sole Assessor, and Town of Southampton Board of Assessors pursuant to CPLR 3211(a)(5) and (7) to dismiss the petition and, in effect, denied the petitioner's cross motion for leave to serve a late note of issue and certificate of readiness, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner owns certain real property in Sag Harbor. In July 2009, the petitioner filed a small claims assessment review (hereinafter SCAR) application pursuant to Real Property Tax Law § 730 to review the property taxes for the 2009/2010 tax year. The SCAR hearing officer denied the SCAR application on the ground that the petitioner did not qualify for SCAR treatment.
The petitioner commenced this proceeding pursuant to CPLR article 78 and RPTL article 7 to annul the determination and, in the alternative, a tax certiorari proceeding pursuant to RPTL article 7 to review the real property tax assessments for the years 2009/2010 and 2010/2011.
By order dated April 15, 2016, the Supreme Court denied that branch of the petition which was pursuant to CPLR article 78 to review the SCAR hearing officer's determination, and referred that branch of the petition which was for tax certiorari review pursuant to RPTL article 7 to the Supreme Court for reassignment to the tax certiorari part.
In April 2017, the petitioner moved for leave to amend the petition to include tax years from 2012 to 2017. The respondents, Town of Southampton, Town of Southampton Sole Assessor, and Town of Southampton Board of Assessors, cross-moved to dismiss the proceeding pursuant to CPLR 3211(a)(5) and (7), arguing, inter alia, that the petitioner had abandoned the proceeding for the 2009/2010 and 2010/2011 tax years since it had not filed a note of issue within the mandatory four-year period, and that therefore, the matter should be dismissed pursuant to RPTL [*2]718. The petitioner then cross-moved for leave to serve a late note of issue and certificate of readiness.
By order and judgment dated April 12, 2018, the Supreme Court, among other things, denied the petitioner's motion, inter alia, to amend the petition, granted the respondents' cross motion to dismiss the petition and, in effect, denied the petitioner's cross motion for leave to serve a late note of issue and certificate of readiness, and dismissed the proceeding. The petitioner appeals from the order and judgment. We affirm.
RPTL 718(1) provides that a petitioner must file a note of issue within four years from the last date provided by law for the commencement of the proceeding. Should a petitioner fail to do so, "the proceeding thereon shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice and such order shall constitute a final adjudication of all issues raised in the proceeding, except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period" (RPTL 718[1]). "Where a petitioner has not filed a timely note of issue or obtained a stipulation or court order extending that four-year deadline, the plain language of RPTL 718 requires dismissal, a rule which 'is mandatory and applies irrespective of any and all circumstances'" (Matter of Traditional Links, LLC v Board of Assessors of Town of Riverhead, 128 AD3d 978, 979, quoting Matter of Sullivan LaFarge v Town of Mamakating, 94 NY2d 802, 804 [internal quotation marks omitted]).
It is undisputed that the petitioner failed to file a timely note of issue as required by RPTL 718. In the absence of a timely note of issue, or a stipulation or court order extending the petitioner's deadline to file a note of issue, the tax grievance proceedings were required to be dismissed as abandoned (see RPTL 718[1]; Matter of Traditional Links, LLC v Board of Assessors of Town of Riverhead, 128 AD3d at 980; Matter of Sullivan LaFarge v Town of Mamakating, 257 AD2d 752, 753, affd 94 NY2d 802 ).
The petitioner's remaining contentions are without merit.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court