Matter of Fourth Garden Park v Board of Assessors (2021 NY Slip Op 01975)





Matter of Fourth Garden Park v Board of Assessors


2021 NY Slip Op 01975


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-08149
 (Index Nos. 22527/09, 21540/10, 17515/11, 20319/12, 61885/13, 65374/14, 607447/15, 609766/16)

[*1]In the Matter of Fourth Garden Park, respondent-appellant, 
v
Board of Assessors and/or the Assessor of the Town of Riverhead, et al., appellants-respondents.


Scott DeSimone P.C., Peconic, NY, for appellants-respondents.
Goldman Attorneys, PLLC, Albany, NY (Paul J. Goldman and Erika C. Browne of counsel), for respondent-appellant.



DECISION & ORDER
In related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for tax years 2009/2010 through 2016/2017, the Board of Assessors and/or the Assessor of the Town of Riverhead and the Board of Assessment Review appeal, and the petitioner cross-appeals, from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated May 19, 2017. The order, insofar as appealed from, denied those branches of the motion of the Board of Assessors and/or the Assessor of the Town of Riverhead and the Board of Assessment Review which were to dismiss the proceeding relating to tax year 2009/2010 as abandoned pursuant to RPTL 718 and to strike the note of issue filed for the proceeding relating to tax year 2012/2013 for failure to comply with 22 NYCRR 202.59(b), and granted that branch of the petitioner's cross motion which was to deem the note of issue for the proceeding relating to tax year 2009/2010 to have been timely filed nunc pro tunc. The order, insofar as cross-appealed from, granted those branches of the motion of the Board of Assessors and/or the Assessor of the Town of Riverhead and the Board of Assessment Review which were to dismiss the proceedings relating to tax years 2010/2011 and 2011/2012 as abandoned pursuant to RPTL 718, and denied those branches of the petitioner's cross motion which were to deem the notes of issue for those proceedings to have been timely filed nunc pro tunc.
ORDERED that the order is modified, on the law and the facts, (1) by deleting the provision thereof denying that branch of the motion of the Board of Assessors and/or the Assessor of the Town of Riverhead and the Board of Assessment Review which was to dismiss the proceeding relating to tax year 2009/2010 as abandoned pursuant to RPTL 718, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the petitioner's cross motion which was to deem the note of issue for the proceeding relating to tax year 2009/2010 to have been timely filed nunc pro tunc, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The petitioner filed petitions for review of real property tax assessments for, inter alia, tax years 2009/2010, 2010/2011, 2011/2012, and 2012/2013. After the petitioner filed untimely notes of issue as to the proceedings relating to tax years 2009/2010, 2010/2011, and 2011/2012, the respondents moved, inter alia, to dismiss those proceedings as abandoned pursuant to RPTL 718. The petitioner cross-moved, among other things, to deem the notes of issue for those proceedings to have been timely filed nunc pro tunc.
In an order dated May 19, 2017, the Supreme Court, inter alia, granted those branches of the respondents' motion which were to dismiss the proceedings relating to tax years 2010/2011 and 2011/2012, denied that branch of the respondents' motion which was to dismiss the proceeding relating to tax year 2009/2010, and granted that branch of the petitioner's cross motion which was to deem the note of issue for that proceeding to have been timely filed nunc pro tunc. This appeal and cross appeal ensued.
RPTL 718(2)(d) provides that a petitioner must file a note of issue within four years after the date the proceeding is commenced. Should a petitioner fail to do so, "the proceeding shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice and such order shall constitute a final adjudication of all issues raised in the proceeding, except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period" (RPTL 718[2][d]).
Where a petitioner has not filed a timely note of issue or obtained a stipulation or court order extending that four-year deadline, the plain language of RPTL 718 requires dismissal, a rule which "is mandatory and applies 'irrespective of any and all circumstances'" (Matter of Sullivan LaFarge v Town of Mamakating, 94 NY2d 802, 804, quoting Matter of Waldbaum's #122 v Board of Assessors of City of Mount Vernon, 58 NY2d 818, 820; see Matter of Traditional Links, LLC v Board of Assessors of Town of Riverhead, 128 AD3d 978, 978; Matter of Plaro Estates, Inc. v Assessor, 101 AD3d 886, 887).
Here, the note of issue for the proceeding relating to tax year 2009/2010 was not timely filed, and the petitioner did not enter into a stipulation with the respondents extending its time to file the note of issue, nor did the petitioner seek or obtain leave of the court to file the note of issue beyond the expiration of four years from the date of filing (see RPTL 718[2][d]; cf. Matter of Transtechnology Corp. v Assessor, 71 AD3d 1034, 1038). Contrary to the Supreme Court's determination, the petitioner failed to make a showing of good cause for the failure to file the note of issue within the mandatory four-year period set forth in RPTL 718(2)(d) (see Matter of Plaro Estates, Inc. v Assessor, 101 AD3d at 887).
Accordingly, the Supreme Court should have granted that branch of the respondents' motion which was to dismiss the proceeding relating to tax year 2009/2010 as abandoned pursuant to RPTL 718, and denied that branch of the petitioner's cross motion which was to deem the note of issue for that proceeding to have been timely filed nunc pro tunc.
The parties' remaining contentions are without merit.
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court