Matter of Maguire Family Props., Inc. v Town of Gates (2025 NY Slip Op 02460)

Matter of Maguire Family Props., Inc. v Town of Gates

2025 NY Slip Op 02460

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

195 CA 24-00370

[*1]IN THE MATTER OF MAGUIRE FAMILY PROPERTIES, INC., PETITIONER-RESPONDENT,
v
TOWN OF GATES, AGOSTINO MINEO, AS ASSESSOR FOR TOWN OF GATES, AND TOWN OF GATES BOARD OF ASSESSMENT REVIEW, RESPONDENTS-APPELLANTS. 

PHILLIPS LYTLE LLP, BUFFALO (JACOB S. SONNER OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
HARTER SECREST & EMERY LLP, ROCHESTER (MEGAN K. DORRITIE OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered January 31, 2024. The order, insofar as appealed from, denied the motion of respondents to dismiss the petitions. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced these RPTL article 7 proceedings seeking review of real property tax assessments for property located in respondent Town of Gates for the tax years 2013 through 2018. Respondents jointly moved to dismiss the petitions on the ground that petitioner failed to file notes of issue within four years of the commencement of each proceeding as required by RPTL 718 (2) (d). Supreme Court denied the motion, and respondents now appeal.
"RPTL 718 (1) provides that a petitioner must file a note of issue within four years from the last date provided by law for the commencement of the proceeding. Should a petitioner fail to do so, 'the proceeding thereon shall be deemed to have been abandoned and an order dismissing the petition shall be entered without notice and such order shall constitute a final adjudication of all issues raised in the proceeding, except where the parties otherwise stipulate or a court or judge otherwise orders on good cause shown within such four-year period' " (Matter of Pierson House, Inc. v Town of Southampton, 191 AD3d 986, 987 [2d Dept 2021], quoting RPTL 718 [1] [emphasis added]). "Where a petitioner has not filed a timely note of issue or obtained a stipulation or court order extending that four-year deadline, the plain language of RPTL 718 requires dismissal, a rule which is mandatory and applies irrespective of any and all circumstances" (Matter of Traditional Links, LLC v Board of Assessors of Town of Riverhead, 128 AD3d 978, 979 [2d Dept 2015], lv denied 27 NY3d 902 [2016] [internal quotation marks omitted]; see Matter of Sullivan LaFarge v Town of Mamakating, 94 NY2d 802, 803-804 [1999]).
Here, it is undisputed that petitioner failed to file the notes of issue. However, the record reveals that, during the litigation, the court issued, without objection, several scheduling orders extending petitioner's time to file the notes of issue. The court's last scheduling order set the same deadline for filing the notes of issue in all six proceedings. Prior to that deadline, respondents moved to compel petitioner to produce discovery documents and to extend all of the deadlines in the court's last scheduling order, including the deadline for filing the notes of issue. The parties appeared on that motion, and there is no dispute that the parties agreed before the [*2]court to resolve their underlying discovery dispute and to extend the deadlines. However, respondents failed to submit a new scheduling order for the court's signature. Instead of submitting a proposed order to the court, respondents let more than three years pass before bringing the instant motion.
We reject respondents' contention that the parties' agreement did not accomplish an extension of the deadline for filing the notes of issue pursuant to RPTL 718. The record is clear, as evidenced by, inter alia, email exchanges discussing proposed scheduling orders drafted by the parties' respective attorneys, that the parties stipulated to an extension of the deadline for filing the notes of issue. Such agreement relieved petitioner of the obligation to make a motion for an extension of that deadline or otherwise obtain a court order. Thus, the court did not err in concluding that, inasmuch as the parties agreed to extend the statutory deadline for the filing of the notes of issue, the proceedings were not abandoned pursuant to RPTL 718 (see Matter of Fox Meadows Partners v Board of Assessment Review, Town of LaGrange, 273 AD2d 472, 472 [2d Dept 2000]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court