Matter of Rozof v Rozof (2025 NY Slip Op 07309)

Matter of Rozof v Rozof

2025 NY Slip Op 07309

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-09113
 (Index No. 525611/19)

[*1]In the Matter of Mark Rozof, et al., appellants,
vArthur Rozof, etc., respondent.

Greenberg Traurig, LLP, Garden City, NY (John P. McEntee and Paige D. Bartholomew of counsel), for appellants.
Moses & Singer LLP, New York, NY (Jay Fialkoff, Alexandra P. Kolod, and Daniel Hoffman of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, for judicial dissolution of a partnership, the petitioners appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 31, 2023. The order granted that branch of the respondent's motion which was pursuant to CPLR 3211(a) to dismiss the petition.
ORDERED that the order is reversed, on the law, with costs, and that branch of the respondent's motion which was pursuant to CPLR 3211(a) to dismiss the petition is denied.
The parties were general partners of 392 1st Street Company (hereinafter the partnership), which owns real property located in Brooklyn (hereinafter the property). No partnership agreement was ever executed for the partnership. In a letter dated February 18, 2016, the petitioner Judith Teitell notified the other partners of her withdrawal from the partnership, "effective immediately." On November 22, 2019, after related litigation, the petitioners commenced this proceeding, seeking a determination that the partnership had dissolved, supervision of the winding up of the partnership, and authorization to sell the property. Thereafter, the respondent moved, inter alia, pursuant to CPLR 3211(a) to dismiss the petition, alleging that the partnership had not been dissolved. In an order dated August 31, 2023, the Supreme Court granted that branch of the respondent's motion. The petitioners appeal.
"[I]t is well settled that a partnership at will . . . may be dissolved at any time by the express will of any partner, and it is equally clear that a partnership dissolves at the time that a partner leaves or withdraws from it" (McElduff v Mansperger, 214 AD2d 653, 655 [alterations, citations, and internal quotation marks omitted]; see Briscoe v White, 34 AD3d 712, 713). "Although dissolution occurs when the partners determine to discontinue business, the partnership is not terminated until the winding up of partnership affairs is completed" (Matter of Silverberg [Schwartz], 81 AD2d 640, 641 [citation omitted]; see Lai v Gartlan, 46 AD3d 237, 245). "After dissolution, a partnership is considered as maintaining a limited existence for the purpose of making good any outstanding engagements, taking and settling accounts, collecting partnership property and the means and assets of the partnership, and generally watching over the business for the benefit of all those interested" (Matter of Perkins & Will Partnership [Syska & Hennessy], 50 AD2d 226, 231-[*2]232 [internal quotation marks omitted], affd 41 NY2d 1045; see 89 Pine Hollow Rd. Realty Corp. v American Tax Fund, 96 AD3d 995, 997-998; Luna Light., Inc. v Just Indus., Inc., 45 AD3d 814, 816).
Here, the February 18, 2016 letter manifested Teitell's intent to leave the partnership and thereby dissolved it. Contrary to the determination of the Supreme Court, the petitioners' actions in seeking judicial supervision after the dissolution of the partnership were consistent with the winding up process and did not create a new partnership at will (see e.g. Luna Light, Inc. v Just Indus., Inc., 45 AD3d at 816; Matter of Fox Meadow Partners v Board of Assessment Review, Town of LaGrange, 273 AD2d 472, 472-473; cf. Peirez v Queens P.E.P. Assoc. Corp., 148 AD2d 596, 597). Accordingly, the court should have denied that branch of the respondent's motion which was pursuant to CPLR 3211(a) to dismiss the petition.
The parties' remaining contentions are without merit.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court