■ LOUANN FERNALD, Appellant, v ROBERT K. VINCI, Respondent. [786 NYS2d 211]—

In a matrimonial action in which the parties were divorced by

judgment dated October 25, 2000, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Spolzino, J.), entered August 11, 2003, as, in effect, denied her motion to vacate her default in opposing the defendant's motion for unpaid child support, ordered her to pay the sum of $14,467 to the defendant for unpaid child support, and granted that branch of the defendant's cross motion which was for an award of an attorney's fee in the sum of $2,000.

Ordered that the appeal is dismissed, without costs or disbursements.

"It is the obligation of the appellant to assemble a proper record on appeal . . . An appellant's record on appeal must contain all of the relevant papers before the Supreme Court . . . Appeals that are not based upon complete and proper records must be dismissed" (*Garnerville Holding Co. v IMC Mgt.*, 299 AD2d 450 [2002] [internal citations and quotation marks omitted]). The appellant failed to submit a complete and proper record to this Court. The record filed omitted the defendant's papers submitted in opposition to the appellant's motion to vacate her default in opposing the motion for unpaid child support and omitted the papers submitted on the defendant's cross motion for an award of an attorney's fee (*see* CPLR 5526). Accordingly, the appeal must be dismissed (*see Matter of Board of Educ. of Greenburgh Eleven Union Free School Dist. v Polonio*, 308 AD2d 491 [2003]; *Garnerville Holding Co. v IMC Mgt., supra; Manna v Ades*, 237 AD2d 264 [1997]).

The appellant's remaining contentions are not properly before this Court. Smith, J.P., Crane, Mastro and Skelos, JJ., concur.