■ Lynette Gaffney, Respondent, v Doreatha Gaffney, Appellant. [815 NYS2d 259]—

In an action pursuant to RPAPL 1501 (4) to cancel and discharge a mortgage, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Dorsa, J.), dated June 9, 2005, which granted the plaintiff's motion for summary judgment and directed that the subject mortgage be canceled and discharged.

Ordered that the appeal is dismissed, without costs or disbursements.

It is the obligation of the appellant to assemble a proper record on appeal (*see Fernald v Vinci,* 13 AD3d 333 [2004]; *Gerhardt v New York City Tr. Auth.,* 8 AD3d 427 [2004]; *Garnerville Holding Co. v IMC Mgt.,* 299 AD2d 450 [2002]; *Matison v County of Nassau,* 290 AD2d 494 [2002]; *Desmarat v Basile,* 288 AD2d 336 [2001]; *Singh v Getty Petroleum Corp.,* 275 AD2d 740 [2000]). An appellant's record on appeal must contain all of the relevant papers before the Supreme Court (*see* CPLR 5526; *Fernald v Vinci, supra; Riverso v Allstate Ins. Co.,* 282 AD2d 663 [2001]). The appellant did not fulfill this obligation.

The plaintiff's motion for summary judgment consisted of an attorney affirmation and two exhibits: papers filed by her in February 2005 supporting a motion for summary judgment and a filing receipt for the note of issue. The attorney affirmation stated only that the plaintiff was resubmitting the February 2005 motion for summary judgment and explained that the Supreme Court had declined to consider that motion because the note of issue had not been filed when it was submitted. However, the record on appeal does not contain the exhibit consisting of the February 2005 motion papers.

Since the appellant failed to submit a record that would enable this Court to render an informed decision on the merits, the appeal must be dismissed (*see Fernald v Vinci, supra;*

*Garnerville Holding Co. v IMC Mgt., supra; Desmarat v Basile, supra; Riverso v Allstate Ins. Co., supra).* Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.