■ LISA FREIHOFNER, Appellant, v GREGORY FREIHOFNER, Respondent. MIANO & COLANGELO, Nonparty Respondent. [835 NYS2d 234]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Montagnino, Ct Atty Ref), dated August 5, 2004, as (a), in effect, denied that branch of her motion which was for an award of interim counsel fees, and (b) denied that branch of her motion which was to direct the defendant to be responsible for past and future fees due the Law Guardians, and (2) from an order of the same court (Giacomo, J.), entered August 1, 2005, which, after a hearing, granted the motion of the nonparty Miano & Colangelo to hold her in contempt for failing to comply with a so-ordered stipulation dated January 26, 2004.

Ordered that the order dated August 5, 2004 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered August 1, 2005 is affirmed, with costs.

The plaintiff, who was ultimately found to be unjustified in relocating with one of the parties' children, and who lost physical custody of that child (*see Freihofner v Freihofner*, 33 AD3d 585, 586 [2006]), moved, inter alia, for an award of interim counsel fees in connection with that custody dispute. Under these circumstances, the Court Attorney Referee, who properly took "the relative merit of the parties' positions" into account (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]), providently exercised his discretion in refusing to award her any interim counsel fees (*see* Domestic Relations Law § 237 [a]).

In addition, following the denial of that branch of her motion which was for an award of interim counsel fees, the plaintiff, who was awarded a $100,000 advance against her distributive award, gave that money to her current attorney, in partial satisfaction of outstanding legal fees. However, at the time, there was a lawful court order in effect that clearly expressed an unequivocal mandate that she place any monies that she was given as a distributive award in escrow, to satisfy a charging lien that existed in favor of her former attorney, who was also owed substantial legal fees (*see McCain v Dinkins*, 84 NY2d 216, 225-226 [1994]; *cf. Haser v Haser*, 271 AD2d 253, 255 [2000]). Since the plaintiff had knowledge of this mandate, and since her actions prejudiced her former attorney, the Supreme Court properly granted her former attorney's motion to hold her in civil contempt (*see* Judiciary Law § 753 [A]; *McCain v Dinkins, supra* at 225-226).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur. [*See* 8 Misc 3d 1020(A), 2005 NY Slip Op 51210(U) (2005).]