■ BENNETT A. COHEN, Appellant, v WALLACE & MINCHENBERG et al., Defendants, and PANKEN BESTERMAN, WINER, BECKER & SHERMAN, LLP, et al., Respondents. [833 NYS2d 623]—

In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated September 4, 2003, which granted the motion of the defendants Panken, Besterman, Winer, Becker & Sherman, LLP, Kenneth Becker, individually and as a member of Panken, Besterman, Winer, Becker & Sherman, LLP, and Richard Becker, individually and as a member of Panken, Besterman, Winer, Becker & Sherman, LLP, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1), (5), and (7), or for summary judgment dismissing the complaint insofar as asserted against them, and denied his cross motion for leave to amend the complaint, and (2) a judgment of the same court entered May 10, 2004, which, upon the order, is in favor of those defendants and against him dismissing the complaint. The plaintiff's notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeals are dismissed, with costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment (*see* CPLR 5501 [a]).

It is the appellant's obligation to assemble a proper record on appeal. The record must contain all of the relevant papers that were before the Supreme Court (*see* CPLR 5526). The record submitted on this appeal renders meaningful appellate review of the Supreme Court's determination virtually impossible. Therefore, dismissal of the appeal from the judgment is the appropriate disposition (*see Matter of Allstate Ins. Co. v Vargas*,

288 AD2d 309, 310 [2001]; *Singh v Getty Petroleum Corp.*, 275 AD2d 740 [2000]; *Patel v Patel*, 270 AD2d 241, 242 [2000]). Crane, J.P., Ritter, Lunn and Covello, JJ., concur.