■ Jeff Civil, Respondent, v Tae Hwa Sim et al., Defendants. Broadspire, Proposed Intervenor-Appellant. [885 NYS2d 419]—

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

In an action to recover damages for personal injuries, the proposed intervenor, Broadspire, appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated September 15, 2008, which denied its motion, inter alia, pursuant to CPLR 1013 for leave to intervene in the action.

Ordered that the appeal is dismissed, with costs.

CPLR 5526 provides that the record on appeal from an interlocutory order shall consist of, inter alia, "the papers and other exhibits upon which the . . . order was founded."

It is the obligation of the appellant to assemble a proper record on appeal. An appellant's record on appeal must contain all of the relevant papers before the Supreme Court. Appeals that are not based upon complete and proper records must be dismissed (*see Robertson v United Equities, Inc.*, 61 AD3d 838 [2009]; *Matter of Arcarian Sys. Ltd.*, 38 AD3d 649 [2007]). In this case, the appellant based its motion for leave to intervene

in large part on an arbitration decision which was submitted to the Supreme Court both as an exhibit to the appellant's motion papers, and as an exhibit to the plaintiff's papers in opposition to the motion. However, the appellant did not include that decision in the record on appeal. Inasmuch as the record is inadequate, we dismiss the appeal (*see Matter of Arcarian Sys. Ltd.,* 38 AD3d at 649). Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.