■ CITIMORTGAGE, INC., Respondent, v GLORIA THORPE, Appellant, et al., Defendants. [929 NYS2d 752]—

"It is the obligation of the appellant to assemble a proper record on appeal, which must contain all of the relevant papers that were before the Supreme Court" (*Wen Zong Yu v Hua Fan*, 65 AD3d 1335 [2009]; *see* CPLR 5526; *Block 6222 Constr. Corp. v Sobhani*, 84 AD3d 1292 [2011]; *Keita v United Parcel Serv.*, 65 AD3d 571 [2009]; *Cohen v Wallace & Minchenberg*, 39 AD3d 689 [2007]). Here, the record is inadequate because it does not include all of the relevant papers and documents that were before the Supreme Court, e.g., the process server's affidavit of service and the default order dated February 4, 2010, both of which were submitted by the plaintiff in opposition to the defendant's motion (*see Wen Zong Yu v Hua Fan*, 65 AD3d 1335 [2009]; *Cohen v Wallace & Minchenberg*, 39 AD3d 689 [2007]; *Matter of Allstate Ins. Co. v Vargas*, 288 AD2d 309, 310 [2001]).

Since the record is inadequate to enable this Court to render an informed decision on the merits, the appeal must be dismissed (*see LaSalle Bank N.A. v Henderson*, 69 AD3d 679, 680 [2010]; *Wen Zong Yu v Hua Fan*, 65 AD3d 1335 [2009]; *Keita v United Parcel Serv.*, 65 AD3d 571 [2009]). Skelos, J.P., Angiolillo, Lott and Roman, JJ., concur.