■ HOUSE OF SPICES (INDIA), INC., Respondent, v SMJ SERVICES, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [943 NYS2d 909]—In an action, inter alia, to recover damages for fraud and money had and received, the defendant SMJ Services, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered March 9, 2011, as denied those branches of its motion which were, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the first and third causes of action insofar as asserted against it.

Ordered that the appeal is dismissed, without costs or disbursements.

"It is the obligation of the appellant to assemble a proper record on appeal" (*Gaffney v Gaffney*, 29 AD3d 857, 857 [2006]; *see Civil v Tae Hwa Sim*, 65 AD3d 1074 [2009]; *Fernald v Vinci*, 13 AD3d 333 [2004]). An appellant's record on appeal must contain all of the relevant papers that were before the Supreme Court (*see* CPLR 5526; *Cohen v Wallace & Minchenberg*, 39 AD3d 689 [2007]; *Gaffney v Gaffney*, 29 AD3d 857 [2006]; *Fernald v Vinci*, 13 AD3d 333 [2004]).

Here, the record is inadequate. The appellant failed to include all of the relevant documents that were before the Supreme Court, omitting, inter alia, the papers it submitted to the Supreme Court in support of the subject motion. These omissions have rendered meaningful appellate review of the Supreme Court's determination virtually impossible (*see* CPLR 5526; *Cohen v Wallace & Minchenberg*, 39 AD3d 689 [2007]; *Gaffney v Gaffney*, 29 AD3d 857 [2006]; *Fernald v Vinci*, 13 AD3d 333 [2004]). Accordingly, dismissal of the appeal is the appropriate disposition (*see Cohen v Wallace & Minchenberg*, 39 AD3d at 689). Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31072(U).]**