— In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated May 9, 2011, which denied her motion for summary judgment on the complaint.
Ordered that the appeal is dismissed, with costs.
“It is the obligation of the appellant to assemble a proper record on appeal” (Gaffney v Gaffney, 29 AD3d 857, 857 [2006]; see Civil v Tae Hwa Sim, 65 AD3d 1074 [2009]; Fernald v Vinci, 13 AD3d 333 [2004]). An appellant’s record on appeal must contain all of the relevant papers that were before the Supreme Court (see CPLR 5526; Cohen v Wallace & Minchenberg, 39 AD3d 689 [2007]; Gaffney v Gaffney, 29 AD3d 857 [2006]; Fernald v Vinci, 13 AD3d 333 [2004]).
Here, the record is inadequate. The appellant failed to include all of the relevant documents that were before the Supreme Court, omitting, inter alia, the papers submitted by the defendant to the Supreme Court in opposition to her motion for summary judgment on the complaint. These omissions have rendered meaningful appellate review of the Supreme Court’s *708 order virtually impossible (see CPLR 5526; Cohen v Wallace & Minchenberg, 39 AD3d 689 [2007]; Gaffney v Gaffney, 29 AD3d 857 [2006]; Fernald v Vinci, 13 AD3d 333 [2004]). Accordingly, dismissal of the appeal is the appropriate disposition (see Matter of Butti v Butti, 92 AD3d 781 [2012]; Clarke v Clarke, 90 AD3d 690 [2011]; CitiMortgage, Inc. v Thorpe, 87 AD3d 1048 [2011]; Cohen v Wallace & Minchenberg, 39 AD 3d at 690). Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.