■ In the Matter of KENNETH D. LYNCH, Also Known as KENNETH LYNCH, Deceased. KAREN CULLIN, Appellant; KEITH LYNCH et al., Respondents. [949 NYS2d 454]—

In a contested probate proceeding, the objectant appeals, as limited by her brief, from so much of an order and decree (one paper) of the Surrogate's Court, Nassau County (McCarty III, S.), dated September 9, 2011, as, upon a decision of the same court dated August 5, 2011, denied her motion for summary judgment dismissing the petition, granted the petitioner's cross

motion for summary judgment dismissing her objections to probate based, inter alia, on fraud, and admitted to probate the last will and testament of Kenneth D. Lynch, also known as Kenneth Lynch, dated May 5, 2003.

Ordered that the appeal is dismissed, with costs payable by the appellant personally.

"It is the obligation of the appellant to assemble a proper record on appeal" (*Wen Zong Yu v Hua Fan*, 65 AD3d 1335, 1335 [2009]; *see LaSalle Bank N.A. v Henderson*, 69 AD3d 679, 680 [2010]; *Matter of Remy v Mitchell*, 60 AD3d 860 [2009]). An appellant's record must contain all the relevant papers submitted on the underlying motion (*see* CPLR 5526; *Wen Zong Yu v Hua Fan*, 65 AD3d at 1335; *Cohen v Wallace & Minchenberg*, 39 AD3d 689 [2007]; *see also Matter of Coopersmith*, 48 AD3d 562 [2008]).

Here, the record assembled on appeal does not include, inter alia, the instrument submitted for probate, the objectant's affirmation in support of the motion for summary judgment dismissing the petition, and certain documentary evidence, including affidavits and deposition testimony, submitted by the petitioner in opposition to the motion and in support of his cross motion. Moreover, the record assembled does not include any evidence submitted to the Surrogate's Court by the objectant which addressed her claim that the instrument was procured by fraud. As the record submitted is inadequate to enable this Court to render an informed decision on the merits, the appeal must be dismissed (*see Block 6222 Constr. Corp. v Sobhani*, 84 AD3d 1292 [2011]; *Emco Tech Constr. Corp. v Pilavas*, 68 AD3d 918, 918-919 [2009]; *Matter of Allstate Ins. Co. v Vargas*, 288 AD2d 309, 310 [2001]). Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.