■ ADELAIDA RUBIO-MODICA, Appellant, v SALVATORE MODICA, Respondent. [954 NYS2d 478]—

In an action to enforce a Florida divorce judgment, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 27, 2011, as denied those branches of her motion which were to appoint Referee Joseph Baum as a receiver and direct him to transfer title to certain real property to her, and her separate motion to vacate an order of the same court dated September 20, 2010, and entered in a foreclosure action entitled *Modica v Sinchi*, commenced under index No. 21738/06.

Ordered that the appeal from so much of the order dated June 27, 2011, as denied the plaintiff's motion to vacate the order dated September 20, 2010, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated June 27, 2011, is reversed insofar as reviewed, on the law, without costs or disbursements, and those branches of the plaintiff's motion which were to appoint Referee Joseph Baum as receiver and direct him to transfer title to the subject real property to the plaintiff are granted.

It is an appellant's obligation to assemble a proper record on appeal (*see Salem v Mott*, 43 AD3d 397 [2007]; *Cohen v Wallace & Minchenberg*, 39 AD3d 689 [2007]). In this regard, "[t]he record must contain all of the relevant papers that were before the Supreme Court" (*Cohen v Wallace & Minchenberg*, 39 AD3d at 689; *see* CPLR 5526). In this instance, the plaintiff seeks review, inter alia, of the portion of the Supreme Court's order which denied her motion to vacate a previous order in a separate action. However, the record does not contain the papers constituting the plaintiff's separate motion to vacate that previous order. Where, as here, meaningful appellate review of the Supreme Court's determination is made "virtually impossible" because of the incomplete nature of the record submitted, dismissal of that portion of the appeal is the appropriate disposition (*Salem v Mott*, 43 AD3d at 397). Thus, the plaintiff's appeal from so much of the order as denied her motion to vacate the previous order must be dismissed.

With respect to the part of the record that is sufficient to decide the appeal from other parts of the order appealed from,

the defendant in this action "is not available or refuses to comply" with a Florida judgment of divorce directing him to transfer, to the plaintiff, title to certain real property situated in Queens County. As such, pursuant to the judgment of divorce, the Supreme Court should have appointed Referee Joseph Baum as receiver and directed him to transfer the defendant's interest in the property to the plaintiff. The plaintiff has demonstrated the defendant's refusal or unavailability to comply by establishing that he opposed the transfer of title and left the country. Florio, J.P., Leventhal, Austin and Roman, JJ., concur.