■ AURORA INDUSTRIES, INC., et al., Respondents, v SIMON HALWANI, Appellant. [958 NYS2d 479]—

In an action, inter alia, to recover damages for conversion, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated April 7, 2008, as denied that branch of his motion which was for summary judgment on the issue of liability on his counterclaims and granted that branch of the plaintiffs' cross motion which was for summary judgment dismissing his counterclaims. By decision and order of this Court dated March 30, 2010, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Kings County, to hear and report as to the exhibits it considered in determining the motion and cross motion. The Supreme Court, Kings County (Lewis, J.), has conducted a hearing and filed its report with this Court. Presid-

ing Justice Eng has been substituted for former Justice Santucci (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal is dismissed, with costs.

"It is the obligation of the appellant to assemble a proper record on appeal" (*Gaffney v Gaffney*, 29 AD3d 857, 857 [2006]; *see Fernald v Vinci*, 13 AD3d 333, 334 [2004]). An appellant's record on appeal must contain all of the relevant papers that were before the Supreme Court (*see* CPLR 5526; *Matison v County of Nassau*, 290 AD2d 494, 495 [2002]; *Fernald v Vinci*, 13 AD3d at 334). "Appeals that are not based upon complete and proper records must be dismissed" (*Garnerville Holding Co. v IMC Mgt.*, 299 AD2d 450, 450 [2002]).

Here, the plaintiffs contend that the record on appeal is inadequate because the defendant omitted 10 exhibits which they submitted in opposition to his motion, inter alia, for summary judgment on the issue of liability on his counterclaims, and in support of their cross motion, among other things, for summary judgment dismissing his counterclaims. In response, the defendant alleges that the Supreme Court rejected the subject exhibits on the return date of the motion and cross motion, and that they were thus properly omitted from the record. In order to resolve this issue, by decision and order of this Court dated March 20, 2010, we held this appeal in abeyance, and remitted the matter to the Supreme Court, Kings County, to hear and report as to the exhibits it considered in determining the motion and cross motion. However, the Justice who had determined the motion and cross motion had retired, and the Justice assigned to hear and report was unable to reach a conclusion as to whether the subject exhibits had indeed been rejected as the defendant claims. Under these circumstances, and in light of the fact that both the plaintiffs and the defendant referenced the subject exhibits in their respective motion papers, we must conclude that these exhibits were before the Supreme Court when it determined the motion and cross motion. Indeed, the order appealed from states that the Supreme Court "read the various submissions and exhibits submitted . . . by each side." Since the record on appeal does not contain the subject exhibits, it is inadequate to allow this Court to render an informed decision. Accordingly, the defendant's appeal must be dismissed (*see Fernald v Vinci*, 13 AD3d at 334; *Matison v County of Nassau*, 290 AD2d at 495). Eng, P.J., Dickerson, Chambers and Sgroi, JJ., concur.