In an action, inter alia, for ejectment from real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered January 6, 2012, as granted that branch of the plaintiffs motion which was to confirm those portions of the report of a referee dated September 8, 2010, recommending that the defendants be ejected from the plaintiffs property and pay an attorney’s fee in the sum of $5,000, and denied that branch of the defendants’ cross motion which was to reject those portions of the referee’s report.
Ordered that the appeal is dismissed, with costs.
“It is the obligation of the appellant to assemble a proper record on appeal” (Gaffney v Gaffney, 29 AD3d 857, 857 [2006]; see Fernald v Vinci, 13 AD3d 333, 334 [2004]). An appellant’s record on appeal must contain all of the relevant papers that were before the Supreme Court (see CFLR 5526; Matison v County of Nassau, 290 AD2d 494, 495 [2002]). “Appeals that are not based upon complete and proper records must be dismissed” (Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450 [2002]).
Here, the defendants failed to include in the record on appeal, inter alia, the transcript from the hearing held before the ref *621 eree and the exhibits entered into evidence at the hearing, which are necessary for this Court to render an informed decision on the merits (see Aurora Indus., Inc. v Halwani, 102 AD3d 900, 901 [2013]). Accordingly, the appeal must be dismissed. Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.