■ In the Matter of JEANETTE T. VIVIAN T., Respondent; LINDA B. Appellant. [971 NYS2d 878]—

In a consolidated guardianship proceeding pursuant to Mental Hygiene Law article 81 and action to recover damages for conversion and negligence, the cross petitioner/plaintiff, Linda B., appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated June 27, 2012, which granted the motion of the petitioner/defendant, Vivian T., in effect, pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against her.

Ordered that the appeal is dismissed, with costs.

The appellant is obligated to assemble a proper record on appeal, and such record must contain all of the relevant papers that were before the Supreme Court so that this Court is able

to render an informed decision on the merits (*see Barretti v Solucorp Indus., Ltd.*, 102 AD3d 642 [2013]; *Rubio-Modica v Modica*, 100 AD3d 979 [2012]; *Gaffney v Gaffney*, 29 AD3d 857 [2006]). " 'Appeals that are not based upon complete and proper records must be dismissed' " (*Aurora Indus., Inc. v Halwani*, 102 AD3d 900, 901 [2013], quoting *Garnerville Holding Co. v IMC Mgt.*, 299 AD2d 450, 450 [2002]; *see Salem v Mott*, 43 AD3d 397 [2007]).

Here, the record on appeal is inadequate, as the appellant failed to include the affidavit of the petitioner/defendant, Vivian T., which Vivian T. submitted in support of her motion, in effect, pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against her. In her affirmation submitted in opposition to the motion, the appellant discussed the affidavit in great detail and challenged many assertions apparently set forth therein. Moreover, the Supreme Court considered Vivian T.'s affidavit in rendering its determination in the order appealed from. Under these circumstances, the record is inadequate to enable this Court to render an informed decision on the merits and the appeal must be dismissed (*see CitiMortgage, Inc. v Thorpe*, 87 AD3d 1048 [2011]). Dillon, J.P., Chambers, Roman and Cohen, JJ., concur.