■ DOROTHY TAYLOR, Respondent, v MICHAEL J. TAYLOR, SR., Appellant. [997 NYS2d 733]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Thomas, J.), dated November 30, 2012, as, upon a decision of the same court dated September 18, 2012, made after a nonjury trial, valued the parties' marital residence at $510,000, distributed the parties' marital assets for the purposes of equitable distribution, and awarded the plaintiff a condominium in Florida as her separate property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Notwithstanding the long duration of the parties' marriage, there is no requirement that the distribution of each item of marital property be made on an equal basis (*see DeSouza-Brown v Brown*, 71 AD3d 946, 946 [2010]; *Peritore v Peritore*, 66 AD3d 750, 752-753 [2009]). Here, the Supreme Court providently exercised its discretion in fashioning an equitable distribution award of the parties' marital assets. There is no merit to the defendant's contention that the Supreme Court should have equally distributed the parties' bank accounts as of the commencement of the action in 2008, since the parties had not functioned as an economic partnership for many years (*see Mark-Weiner v Mark*, 1 AD3d 158, 158-159 [2003]; *Francis v Francis*, 286 AD2d 749, 750 [2001]).

"[V]aluation is an exercise properly within the fact-finding power of the trial courts, guided by expert testimony" (*Burns v Burns*, 84 NY2d 369, 375 [1994]). A court's valuation will be upheld where it is within the range of expert testimony and is adequately supported by the record (*see Johnson v Johnson*, 277 AD3d 923, 925 [2000]). Here, the Supreme Court's valuation of the marital residence was within the range of expert testimony and adequately supported by the record.

The defendant's contention that the Supreme Court improperly awarded the plaintiff a Florida condominium as her separate property cannot be reviewed on this record. "It is the obligation of the appellant to assemble a proper record on appeal" (*Gaffney v Gaffney*, 29 AD3d 857, 857 [2006]). Here, the plaintiff caused to be admitted into evidence at trial certain documentation in support of her contention that the money used to purchase the condominium was a gift from her father and son. The defendant's failure to provide this Court with copies of that evidence precludes us from rendering an informed decision on the merits on the issue of whether the plaintiff sustained her burden of proving that the Florida condominium was her separate property (*see id.*; *Briscoe v White*, 34 AD3d 712, 714 [2006]; *see also Embury v Embury*, 49 AD3d 802, 804 [2008]). Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.