■ Mary Elizabeth Haverty Bousson, Respondent, v Donald Bousson, Appellant. (Action No. 1.) Donald Bousson, Appellant, v Mary Elizabeth Haverty Bousson, Also Known as Mary Elizabeth Haverty, Respondent. (Action No. 2.) [25 NYS3d 607]—

Appeal from a judgment of the Supreme Court, Suffolk County (Jerry Garguilo, J.), entered July 17, 2013. The judgment, insofar as appealed from, upon an order of that court dated December 2, 2011, denying Donald Bousson's motion for an award of interim counsel fees in action Nos. 1 and 2, and upon a decision of that court dated February 22, 2013, made after a nonjury trial, failed to award him interim counsel fees and counsel fees in action Nos. 1 and 2.

Ordered that the appeal from so much of the judgment as failed to award Donald Bousson counsel fees in action Nos. 1 and 2 is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

It is the obligation of the appellant to assemble a proper record on appeal that contains all of the relevant papers; appeals that are not based upon complete and proper records must be dismissed (*see Fernald v Vinci*, 13 AD3d 333 [2004]; *Gerhardt v New York City Tr. Auth.*, 8 AD3d 427 [2004]; *Garnerville Holding Co. v IMC Mgt.*, 299 AD2d 450, 451 [2002]).

The appendix submitted by the appellant does not include the trial transcript which was the basis for the court's

determination after trial, with respect to his motion for an award of counsel fees in action Nos. 1 and 2. Since the appellant has failed to submit a record that would enable this Court to render an informed decision on the merits, the appeal from that portion of the judgment must be dismissed (*see Fernald v Vinci*, 13 AD3d 333 [2004]; *Garnerville Holding Co. v IMC Mgt.*, 299 AD2d at 451).

With respect to interim counsel fees, the Supreme Court, which properly took "the relative merit of the parties' positions" into account (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]), providently exercised its discretion in denying the appellant's motion for an award of interim counsel fees in both actions (*see* Domestic Relations Law § 237 [a]; *Freihofner v Freihofner*, 39 AD3d 465 [2007]). Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.