Pucci v Trabulsy (2018 NY Slip Op 03720)





Pucci v Trabulsy


2018 NY Slip Op 03720


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-11662
 (Index No. 101680/13)

[*1]Vincent Pucci, et al., appellants, 
v
Joseph Trabulsy, respondent.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel and Julie T. Mark of counsel), for appellants.
Kay & Gray (Russo & Tambasco, Melville, NY [Yamile Al-Sullami], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Desmond Green, J.), dated September 25, 2015. The judgment, upon a jury verdict finding that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102(d), is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
In August 2013, on Korean War Veterans Parkway in Staten Island, a vehicle driven by the plaintiff Vincent Pucci, in which the plaintiffs Brianna Pucci and Pamela Pucci (hereinafter collectively the plaintiffs) were passengers, was involved in a collision with a vehicle driven by the defendant, Joseph Trabulsy. Thereafter, the plaintiffs commenced this action to recover damages for personal injuries.
At trial, the plaintiffs presented the testimony of a neurologist who measured the range of motion of the cervical and lumbar regions of Vincent Pucci's spine at a recent examination and found deficits of over 20%. Based on the absence of symptoms before the accident, the neurologist concluded that the accident was the cause of Vincent Pucci's injuries.
The plaintiffs' neurologist further concluded that the accident caused injuries to
Brianna Pucci's right wrist and Pamela Pucci's right shoulder. The neurologist conceded that he did not measure Pamela Pucci's or Brianna Pucci's range of motion at their most recent examinations. He further conceded that he would have noted a limitation in their range of motion if that limitation had been significant.
The defendant presented the testimony of a board-certified orthopedic surgeon, who testified that he measured Vincent Pucci's range of motion at a recent examination, and that the range of motion of Vincent Pucci's cervical spine was normal. The surgeon further stated that Vincent Pucci's lumbar range of motion was better than normal. The defendant also submitted the testimony of a radiologist, who had testified, after reviewing Vincent Pucci's MRI films, that the injuries to the cervical and lumbar regions of Vincent Pucci's spine were caused by age-related degeneration, and not by a traumatic event such as the accident.
The jury unanimously found that none of the plaintiffs sustained a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d). A judgment dated September 25, 2015, upon the jury verdict, is in favor of the defendant and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
We reject the defendant's contention that this appeal should be dismissed on the ground that the plaintiffs submitted an inadequate appendix, as we find the appendix to be adequate (see generally Bousson v Bousson, 136 AD3d 954, 954-955).
The plaintiffs' contention that the verdict was contrary to the weight of the evidence is without merit. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (see Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588; see generally Lolik v Big V Supermarkets, 86 NY2d 744; Nicastro v Park, 113 AD2d 129). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d at 588; see Frenchman v Westchester Med. Ctr., 77 AD3d 618, 619).
Here, the jury's finding that none of the plaintiffs sustained a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) was supported by a fair interpretation of the evidence (see e.g. Staff v Yshua, 59 AD3d 614; see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957).
The plaintiffs' contention that they were entitled to a jury charge regarding the 90/180-day category of Insurance Law § 5102(d) also is without merit (see generally Karpinos v Cora, 89 AD3d 994, 995; Torres v Dwyer, 84 AD3d 626, 626-627; Richards v Tyson, 64 AD3d 760, 761).
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court