P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC (2018 NY Slip Op 08945)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC

2018 NY Slip Op 08945

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2013-02106
2013-02107
2013-02108
(Index No. 10035/08)

[*1]P.B. #7, LLC, respondent,
v 231 Fourth Avenue Lyceum, LLC, et al., defendants, Eric Richmond, appellant.

Eric Richmond, Brooklyn, NY, appellant pro se.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eric Richmond appeals from three orders of the Supreme Court, Kings County (Donald Scott Kurtz, J.), dated October 24, 2012, December 19, 2012, and January 14, 2013, respectively. The order dated October 24, 2012, granted the temporary receiver's motion to hold the defendant Eric Richmond in civil contempt and directed him to comply with a prior order of the same court dated April 24, 2012. The order dated December 19, 2012, insofar as appealed from, denied that branch of the cross motion of the defendant Eric Richmond which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
ORDERED that the appeal from the order dated January 14, 2013, is dismissed; and it is further,
ORDERED that the order dated October 24, 2012, is affirmed; and it is further,
ORDERED that the order dated December 19, 2012, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
" It is the obligation of the appellant to assemble a proper record on appeal'" (Blaylock v State of New York, 118 AD3d 836, 836, quoting Matison v County of Nassau, 290 AD2d 494, 495; see Milowski v Michael, 69 AD3d 909, 909). "An appellant's record on appeal must contain all of the relevant papers before the Supreme Court" (Gaffney v Gaffney, 29 AD3d 857, 857; see CPLR 5526). "Appeals that are not based upon complete and proper records must be dismissed" (Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450; see Ghatani v AGH Realty, LLC, 136 AD3d 744; Fernald v Vinci, 13 AD3d 333, 334). Here, the record does not include the motion papers relevant to the order dated January 14, 2013. The omission of those papers from the record renders impossible any meaningful appellate review of that order (see CPLR 5526; Aurora Indus., Inc. v Halwani, 102 AD3d 900, 901; Barretti v Solucorp Indus., Ltd., 102 AD3d 642, 643; Coello [*2]v Gonzalez, 96 AD3d 707, 707-708; Briscoe v White, 34 AD3d 712, 714). Accordingly, the appeal from the order dated January 14, 2013, must be dismissed (see Bank of Am., N.A. v Meade, 153 AD3d 776; Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d 814; Matter of Lynch, 98 AD3d 510; Faello v Faello, 45 AD3d 728; Cohen v Wallace & Minchenberg, 39 AD3d 689).
The defendant 231 Fourth Avenue Lyceum, LLC (hereinafter 231 Fourth Avenue), borrowed a sum of money from Madison Realty Capital, L.P. (hereinafter Madison Realty). The loan was secured by a mortgage on certain real property located in Brooklyn (hereinafter the subject property). The defendant Eric Richmond, the president and sole member of 231 Fourth Avenue, guaranteed payment of all sums due under the note. Subsequently, Madison Realty assigned the note and mortgage to Lyceum Bathhouse, LLC (hereinafter Lyceum Bathhouse).
Lyceum Bathhouse commenced this action to foreclose the mortgage. No defendant interposed a timely answer to the complaint, and Lyceum Bathhouse moved for a default judgment and an order of reference. Lyceum Bathhouse subsequently assigned the note and mortgage to P.B. #7, LLC (hereinafter the plaintiff), which was substituted as the plaintiff in place of Lyceum Bathhouse. Thereafter, in an order dated January 18, 2011, the Supreme Court granted the unopposed motion for a default judgment and an order of reference. By judgment of foreclosure and sale dated September 28, 2012, the court, inter alia, confirmed the referee's report and directed the foreclosure sale of the subject property.
Meanwhile, by order dated April 24, 2012, the Supreme Court appointed a temporary receiver for the subject property. Subsequently, the temporary receiver moved to hold Richmond in civil contempt for failing to abide by that order, asserting, inter alia, that Richmond had not turned over the security deposits for the subject property, and had continued to collect rent from the tenants of the subject property. Richmond cross-moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
By order dated October 24, 2012, the Supreme Court granted the contempt motion to the extent of directing Richmond to comply with the order dated April 24, 2012. In a separate order dated December 19, 2012, the court denied Richmond's cross motion. Richmond appeals.
The Supreme Court providently exercised its discretion in granting the temporary receiver's motion to hold Richmond in contempt and directing Richmond to comply with the order dated April 24, 2012. A motion to punish a party for civil contempt is addressed to the court's sound discretion, and the moving party bears the burden of proving the contempt by clear and convincing evidence (see Louzoun v Montalto, 162 AD3d 1004; Cassarino v Cassarino, 149 AD3d 689, 690). "[T]o adjudicate a party in civil contempt, a court must find: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (Spencer v Spencer, 159 AD3d 174, 177; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Matter of McCormick v Axelrod, 59 NY2d 574, 583). "It is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes, or prejudices the rights or remedies of a party" (Matter of Philie v Singer, 79 AD3d 1041, 1042; see El-Dehdan v El-Dehdan, 26 NY3d at 35). Here, the temporary receiver met his burden of demonstrating, by clear and convincing evidence, that the order dated April 24, 2012, expressed an unequivocal mandate, that Richmond disobeyed the order, with knowledge of its terms, and that the temporary receiver was prejudiced by the offending conduct.
We agree with the Supreme Court's determination denying Richmond's cross motion pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The cross motion was untimely since it was made after entry of the judgment of foreclosure and sale (see Fuentes v Virgil, 88 AD3d 643). In any event, Lyceum Bathhouse took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference (see RPAPL 1321[1]) within one year of Richmond's default in answering the complaint (see HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774; Klein v St. Cyprian [*3]Props., Inc., 100 AD3d 711, 712).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court