Kurzatkowski v Petrescu (2023 NY Slip Op 50691(U))

[*1]

Kurzatkowski v Petrescu

2023 NY Slip Op 50691(U)

Decided on June 23, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., MARINA CORA MUNDY, LOURDES M. VENTURA, JJ.

2021-678 Q C

Karol Kurzatkowski, Respondent,
against
Francisca Petrescu, Appellant. 

Francisca Petrescu, appellant pro se.
Karol Kurzatkowski, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Alan J. Schiff, J.), entered September 27, 2021. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $8,400, plus interest in the amount of $1,696.34.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover four months of rent arrears, at $2,100 per month, from his former tenant. Defendant opposed the claim, contending that, in a prior holdover proceeding between the parties, plaintiff sought the same arrears and, because the Housing Court did not award them, defendant's claim is barred by res judicata. Defendant also interposed the affirmative defense that plaintiff breached the warranty of habitability. Following a nonjury trial, the Civil Court awarded plaintiff a judgment in the principal sum of $8,400, plus interest in the amount of $1,696.34.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Because the Housing Court specifically stated that its basis for not awarding arrears was that plaintiff had failed to register the house with the New York City Department of Housing Preservation and Development, and as such a failure to register is curable (see 9 Montague Terrace Assoc. v Feuerer, 191 Misc 2d 18, 21 [App Term, 2d Dept, 2d & 11th Jud Dists 2001]), the prior claim for arrears was not determined on the merits (see Frebar Dev. Corp. v Posner, 121 AD3d 627 [2014]). Thus, plaintiff's current claim for arrears is not barred [*2]by res judicata. It was undisputed that, subsequent to the prior housing court proceeding, the building was registered.
With respect to defendant's allegations regarding landlord's breach of the warranty of habitability due to a lack of adequate heat, excessive noise, and an issue with the window in the second bedroom, defendant failed to demonstrate the severity and duration of the conditions which would allow a court to calculate any appropriate damages, and, therefore, the Civil Court did not err in declining to reduce the rent owed based upon those claims (see Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]; EB Mgt. Props., LLC v Maruf, 63 Misc 3d 155[A], 2019 NY Slip Op 50813[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Defendant's defense that plaintiff breached the warranty of habitability with respect to the condition of the balconies cannot be reviewed on this record. It is the appellant's obligation to provide the court with the full appellate record (see Taylor v Taylor, 123 AD3d 693 [2014]), and defendant failed to provide this court with the trial exhibits necessary for this court to "render[] an informed decision on the merits" on that issue (id. at 694; see Carvajal v Selechnik, 48 Misc 3d 128[A], 2015 NY Slip Op 50971[U] [App Term, 1st Dept 2015]).
Contrary to defendant's contention, the prejudgment interest may not be waived in the interest of justice (see CPLR 5001 [a]; J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117 [2012]).
Accordingly, the judgment is affirmed.
OTTLEY, J.P., MUNDY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2023