Bing v Myrtle 6, LLC (2024 NY Slip Op 02516)

Bing v Myrtle 6, LLC

2024 NY Slip Op 02516

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-03586
 (Index No. 519239/16)

[*1]Jay Bing, respondent, 
v
Myrtle 6, LLC, appellant, et al., defendant.

Ahumty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Frank J. Wenick of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Myrtle 6, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence S. Knipel, J.), dated May 13, 2022. The order, insofar as appealed from, denied those branches of the motion of the defendant Myrtle 6, LLC, which were pursuant to CPLR 2201 to stay the trial, pursuant to 22 NYCRR 202.21(e) to vacate the note of issue, and to compel discovery.
ORDERED that the appeal is dismissed, without costs or disbursements.
The plaintiff commenced this action against the defendant Myrtle 6, LLC (hereinafter the defendant), and another defendant, to recover damages for personal injuries.
The defendant allegedly moved on March 29, 2021, and December 8, 2021, to stay the action, vacate the note of issue, and compel discovery. On January 25, 2022, the Supreme Court allegedly issued a stay of trial until May 16, 2022, and granted leave for the defendant to amend its answer and allege various fraud defenses.
On May 6, 2022, the defendant again moved, inter alia, pursuant to CPLR 2201 to stay the trial, pursuant to 22 NYCRR 202.21(e) to vacate the note of issue, and to compel discovery. In support of the motion, the defendant contended that the plaintiff's previous attorney was "mentioned in a prior federal criminal prosecution involving a now proven insurance fraud scheme involving staged trip and fall accidents." Further, the defendant alleged that there was a "related criminal case pending against [the plaintiff's previous attorney] in connection to the insurance fraud scheme." Although the defendant's affirmation in support of its motion stated that the details of the fraud scheme were "outlined in prior motions with exhibits," none of the prior motions or exhibits were included in the record on appeal.
In an order dated May 13, 2022, after oral arguments, the Supreme Court, inter alia, denied those branches of the defendant's motion which were to stay the trial, to vacate the note of issue, and to compel discovery. The defendant appeals.
"It is the obligation of the appellant to assemble a proper record on appeal" (Babayev v Kreitzman, 168 AD3d 655, 655 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d 814, 815). "Generally speaking, '[a]n appellant's record on appeal must [*2]contain all of the relevant papers before the Supreme Court'" (Babayev v Kreitzman, 168 AD3d at 655, quoting Gaffney v Gaffney, 29 AD3d 857, 857; see CPLR 5526; Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d at 815). "'Appeals that are not based upon complete and proper records must be dismissed'" (Babayev v Kreitzman, 168 AD3d at 656, quoting Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450; see Gaffney v Gaffney, 29 AD3d at 857).
Here, the record is inadequate for meaningful appellate review. The appellant failed to include all relevant documents that were before the Supreme Court. The record failed to include the exhibits allegedly demonstrating that the plaintiff's former counsel was involved in a fraud scheme. Furthermore, the record does not contain a copy of the complaint in this action, the amended complaint, or the defendant's answer. Since these omissions have rendered meaningful appellate review of the court's order virtually impossible, the appeal must be dismissed (see Babayev v Kreitzman, 168 AD3d at 656; Gaffney v Gaffney, 29 AD3d at 857).
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court