Javaherforoush v Hawkins (2024 NY Slip Op 03035)

Javaherforoush v Hawkins

2024 NY Slip Op 03035

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-01464
 (Index No. 62036/13)

[*1]Afsaneh Javaherforoush, respondent, 
v
Robert Hawkins, et al., appellants.

Kase & Druker, Garden City, NY (Scott M. Druker and Paula S. Frome of counsel), for appellants.
Law Office of James D. Reddy, P.C., Lindenhurst, NY, for respondent.

DECISION & ORDER
In an action, inter alia, in effect, to recover damages for malicious prosecution and abuse of process, the defendants appeal from an amended judgment of the County Court, Suffolk County (James F. Matthews, J.), entered January 10, 2022. The amended judgment, upon a jury verdict on the issue of liability, upon an order of the same court dated November 2020, among other things, granting those branches of the plaintiff's motion which were pursuant to CPLR 4404(a) to set aside, as inadequate and contrary to the weight of the evidence, so much of a jury verdict as awarded the plaintiff certain damages and for a new trial on the issue of those damages to the extent of ordering a new trial on the issue of those damages unless the defendants stipulated to increase the awards, and denying the defendants' cross-motion pursuant to CPLR 4404(a) for a new trial on the issues of liability and damages, and upon a second jury verdict awarding the plaintiff certain sums, is in favor of the plaintiff and against the defendants in the total sum of $130,764.54.
ORDERED that the appeal is dismissed, without costs or disbursements.
The plaintiff commenced this action in the Supreme Court, Suffolk County, against the defendants, inter alia, in effect, to recover damages for malicious prosecution and abuse of process. Subsequently, the action was transferred to the County Court, Suffolk County. Following a jury trial, the jury made findings on the issue of liability in favor of the plaintiff and found that the plaintiff was entitled to certain damages. Thereafter, the plaintiff moved, among other things, pursuant to CPLR 4404(a) to set aside, as inadequate and contrary to the weight of the evidence, so much of the jury verdict as awarded the plaintiff certain damages and for a new trial on the issue of those damages, and the defendants cross-moved pursuant to CPLR 4404(a) for a new trial on the issues of liability and damages. In an order dated November 2020, the County Court, inter alia, granted those branches of the plaintiff's motion which were to set aside, as inadequate and contrary to the weight of the evidence, so much of the jury verdict as awarded the plaintiff certain damages and for a new trial on the issue of those damages to the extent of ordering a new trial on the issue of those damages unless the defendants stipulated to increase the awards and denied the defendants' cross-motion. On January 10, 2022, the County Court, upon the jury verdict on the issue of liability, upon the November 2020 order, and upon a jury verdict rendered after a second trial, entered an amended judgment in favor of the plaintiff and against the defendants in the total sum of $130,764.54. The defendants appeal. We dismiss the appeal.
As an initial matter, the appeal, which was incorrectly taken to this Court, should have been taken to the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts (see 22 NYCRR 730.1[d]). Under the circumstances of this case, we decline to transfer this appeal to the Appellate Term and dismiss the appeal, as the defendants failed to assemble a proper record on appeal.
"It is the obligation of the appellant to assemble a proper record on appeal, and the record must contain all of the relevant papers that were before the [trial] [c]ourt" (Wilmington Trust, N.A. v Donadio, 218 AD3d 519, 519; see CPLR 5526; Babayev v Krietzman, 168 AD3d 655, 655; Gaffney v Gaffney, 29 AD3d 857, 857). Here, the record on appeal assembled by the defendants failed to include any exhibits from the second trial, included only some of the exhibits from the first trial, and included exhibits that were misnumbered and, in some instances, illegible. Under the circumstances, the record is inadequate to enable an appellate court to render an informed determination, and thus, we dismiss the appeal (see Matter of Orok-Edem v Wondemagegehu, 221 AD3d 818; Waterside Estates at Cresthaven Homeowners Assn., Inc. v Ciafone, 108 AD3d 620, 620-621).
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court