Wells Fargo Bank, N.A. v Russo (2025 NY Slip Op 00475)

Wells Fargo Bank, N.A. v Russo

2025 NY Slip Op 00475

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-09739
 (Index No. 24021/10)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Freddy S. Russo, et al., appellants, et al., defendants.

Freddy S. Russo and Juana F. Russo, Bayside, NY, appellants pro se.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger and Riyaz G. Bhimani of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Freddy S. Russo and Juana F. Russo appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered April 16, 2019. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.

DECISION & ORDER
Cross-motion by the respondent to dismiss the appeal from the order and judgment of foreclosure and sale on the ground that no appeal lies from a judgment entered upon the default of the appealing parties. By decision and order on motion of this Court dated November 6, 2020, the cross-motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross-motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the cross-motion to dismiss the appeal is granted to the extent that the appeal by the defendant Juana F. Russo is dismissed, and the cross-motion is otherwise denied; and it is further,
ORDERED that the appeal by the defendant Freddy S. Russo from so much of the order and judgment of foreclosure and sale as brings up for review a hearing to determine the validity of service of process is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as reviewed on the appeal by the defendant Freddy S. Russo; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 2010, the plaintiff commenced this action against, among others, the defendants Freddy S. Russo (hereinafter Freddy) and Juana F. Russo (hereinafter Juana) to foreclose [*2]a mortgage on certain real property located in Bayside. Freddy and Juana did not answer the complaint. In 2012, Freddy moved to dismiss the complaint insofar as asserted against him, arguing, inter alia, that the Supreme Court lacked personal jurisdiction over him. The court granted the motion to the extent of directing a hearing to determine the validity of service of process. After that hearing, by order entered July 3, 2013, the court denied Freddy's motion in its entirety, concluding, among other things, that Freddy was properly served with the complaint and that Freddy was in default insofar as he failed to interpose a timely answer.
The plaintiff moved, inter alia, for an order of reference, and the Supreme Court granted that relief. After the issuance of a May 2018 referee's report, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. Freddy opposed the motion, but Juana did not. Subsequently, by order and judgment of foreclosure and sale entered April 16, 2019, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. Freddy and Juana appeal.
As an initial matter, no appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511; HSBC Bank USA, N.A. v Gias, 215 AD3d 810, 812). "Although an appeal from such a judgment brings up for review those matters which were the subject of contest before" the Supreme Court, here, Juana "defaulted at every stage of the proceedings," including her failure to appear, answer, or file a motion in this action (CVM Partners 1, LLC v Adams, 173 AD3d 971, 972 [internal quotation marks omitted]; see Real Estate Mtge. Network, Inc. v Mason, 217 AD3d 796, 797). Accordingly, the appeal by Juana must be dismissed (see CPLR 5511; CVM Partners 1, LLC v Adams, 173 AD3d at 972).
To the extent that Freddy contends that there were procedural errors at the hearing to determine the validity of service of process, Freddy failed to fulfill his obligation to assemble a proper record on this issue because he did not include the hearing transcript (see Wilmington Trust Co. v Buscemi, 207 AD3d 503, 505). Thus, the record is inadequate to allow this Court to render an informed decision regarding Freddy's hearing-related challenges, and that portion of his appeal must be dismissed (see Klein v Richs Towing, 213 AD3d 920, 920; Wilmington Trust Co. v Buscemi, 207 AD3d at 505; Fernald v Vinci, 13 AD3d 333, 334).
To the extent that Freddy contends that the plaintiff failed to comply with certain contractual and statutory conditions precedent to foreclosure, Freddy is precluded from raising these proffered defenses because he never sought to vacate his default in answering the complaint (see Ocwen Loan Servicing, LLC v Coles, 223 AD3d 678, 680; Bank of Am., N.A. v Carapella, 218 AD3d 631, 633; HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960).
Freddy's remaining contentions are improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court